IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| BETH O. SCOTT | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: WMN 03 CV 524 |
| LIFE INSURANCE COMPANY OF NORTH AMERICA | * | |
| | * | |
| Defendant | * | |
| | * | |

\* \* \* \* \* \*

**ANSWER OF DEFENDANT
LIFE INSURANCE COMPANY OF NORTH AMERICA**

Defendant, Life Insurance Company of North America ("Defendant LINA"), by and through its attorneys, Monte Fried, Joy K. Sakellaris and Wright Constable & Skeen, LLP, files this Answer to the Plaintiff's Complaint and says:

**FIRST DEFENSE**

1. Defendant LINA admits that the Plaintiff seeks to invoke this Court's jurisdiction under those statutory sections listed in Paragraph 1 of the Complaint. Defendant LINA admits all of the factual allegations contained in Paragraph 1 of the Complaint.

2. Defendant LINA admits the allegations contained in Paragraph 2 of the Complaint.

3. With respect to the allegations in Paragraph 3 of the Complaint, Defendant LINA admits that there was a long term disability insurance policy between Defendant LINA and Plaintiff's former employer under which Plaintiff

136086 v. (08801.00011)

was eligible for benefits until October 31, 2000 - the date on which Plaintiff's disability ended. Defendant LINA denies all other allegations in Paragraph 3.

4. Defendant LINA admits the allegations contained in Paragraph 4 of the Complaint.

5. Defendant LINA admits the allegations contained in Paragraph 5 of the Complaint, except that it denies that the Plaintiff is currently a "participant" in the Plan.

6. Defendant LINA presently lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Defendant LINA denies the allegations contained in Paragraph 7 of the Complaint.

8. Defendant LINA denies the allegations contained in Paragraph 8 of the Complaint.

9. With respect to the allegations in Paragraph 9 of the Complaint, Defendant LINA admits that it began to pay Plaintiff long-term disability benefits in October,1992. However, LINA denies that such payments constitute an acknowledgement that Plaintiff is presently disabled under the Policy.

10. Defendant LINA admits the allegations contained in Paragraph 10 of the Complaint.

11. Defendant LINA admits the allegations contained in Paragraph 11 of the Complaint.

12. With respect to the allegations contained in Paragraph 12 of the Complaint, Defendant LINA admits that it has issued a final denial of the Plaintiff's benefits. However, such denial was issued on May 21, 2002.

13. Defendant LINA denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant LINA denies the allegations contained in Paragraph 14 of the Complaint.

15. With respect to the allegations contained in Paragraph 15 of the Complaint, Defendant LINA admits that the Plaintiff promptly filed an application for benefits, but it denies the remaining allegations contained in Paragraph 15 of the Complaint.

16. Defendant LINA denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant LINA denies the allegations contained in Paragraph 17 of the Complaint.

18. In response to Paragraph 18 of the Complaint, Defendant LINA incorporates the above answers to Paragraphs 1 through 17 as if fully set forth herein.

19. Defendant LINA denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant LINA denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant LINA denies the allegations contained in Paragraph 21 of the Complaint.

22. In response to Paragraph 22 of the Complaint, Defendant LINA incorporates the above answers to Paragraphs 1 through 21 as if fully set forth herein.

23. Defendant LINA denies the allegations contained in Paragraph 23 of the Complaint, and it denies that the Plaintiff is entitled to the relief requested in her Complaint.

24. Defendant LINA denies the allegations contained in Paragraph 24 of the Complaint, and it denies that the Plaintiff is entitled to the relief requested in her Complaint.

25. Defendant LINA denies the allegations contained in Paragraph 25 of the Complaint, and it denies that the Plaintiff is entitled to the relief requested in her Complaint.

## SECOND DEFENSE

The Complaint fails to state a claim against Defendant LINA upon which relief can be granted.

## THIRD DEFENSE

The determination of Defendant LINA that Plaintiff was not entitled to a continuation of long-term disability benefits was not arbitrary and capricious, and Plaintiff failed to establish that she was totally disabled from "any occupation" in accordance with the requirements of the Policy.

## FOURTH DEFENSE

At the time benefits were terminated, Plaintiff was no longer totally disabled as defined by the Plan.

## FIFTH DEFENSE

Breach of fiduciary duty claims are not available to the Plaintiff under ERISA which specifically provides other recourse for individuals contesting a benefits decision.

## SIXTH DEFENSE

In accordance with the Policy, all monthly long-term disability benefits claimed by the Plaintiff are subject to reduction by the amount of any disability benefits paid or payable for that month under the Social Security Act to the Plaintiff or her dependents and by any other monthly payments received which are within the definition of "Other Benefits" under the Policy.

WHEREFORE, having fully answered the Complaint, Defendant LINA prays that this Court:

1. Dismiss the Complaint in its entirety;

2. Deny all relief requested by Plaintiff and enter an Order affirming LINA's decision to terminate benefits; and

3. Assess all costs, including attorneys' fees, against Plaintiff.

Respectfully submitted,

Monte Fried
U.S.D.C. Bar No.: 00363
(410) 659-1312

- 6 -

                                                                              _____

Joy K. Sakellaris
U.S.D.C. Bar No.: 26081
(410) 659-1308
Wright, Constable & Skeen, LLP
One Charles Center
100 N. Charles Street, 16th Fl.
Baltimore, MD 21202
(410) 659-1350 (FAX)

Attorneys for Defendant,
Life Insurance Company of
 North America