IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)

BETH O. SCOTT,

    Plaintiff,

                                                          Civil Action No.  WMN 03 CV 524

v.

LIFE INSURANCE COMPANY
OF NORTH AMERICA,

    Defendant.

_____/

## PLAINTIFF'S BRIEF ON SCOPE OF DISCOVERY

COMES NOW, the Plaintiff, and hereby files her brief with regard to discovery pursuant to this Court's May 9, 2003 Order requesting the same, and states the following:

**I.    Introduction**

The importance of the standard of review, and in turn the scope of admissible evidence, becomes the primary focus when determining the proper scope of discovery in a benefits action governed by the Employee Retirement Income Security Act of 1974 ("ERISA").  The Federal Rules of Civil Procedure delineate the scope of discovery as follows:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.. . .

Fed. R. Civ. P. 26(b)(1).

Thus, in order to determine what is discoverable in an ERISA action, one must focus on what is "relevant to the claim or defense of any party" and on what may be "reasonably calculated to lead to the discovery of admissible evidence." The determination of what evidence will be admissible will be made based on the applicable standard of review and the appellate circuit in which the case is pending. The standard of review impacts the scope of admissible evidence because deference to the administrator, and the degree of deference given, requires the court to consider only that information on which the administrator could have based its claims decision. Alternatively, where the court reviews a decision *de novo* there may or may not be a limit on the scope of evidence, depending on the venue of the case.

As the case law dictates, only when dealing with a strict arbitrary and capricious standard of review, "presumptively void" conflict cases, or *de novo* cases in the Sixth Circuit, are courts limited in their review to the evidence that was before the administrator. Stated another way, only in the latter three instances, discovery beyond requests for production of the plan documents and the administrative record would not lead to admissible evidence and thus be outside the scope of discovery. However, even in these instances, there are exceptions to such discovery limitations where there is cause to believe that the administrative record is incomplete or that the administrator did not give any consideration to the information contained therein.

As this brief will illuminate, due to the applicable standard of review, *de novo*, and the treatment of such standard by this Circuit, discovery beyond the plan documents and the administrative record is proper in this case.

**II.     ERISA Standard of Review**

Due to the subject plan's absence of any language to arguably trigger discretionary authority and thus an arbitrary and capricious standard of review, the applicable standard of review that this Court should utilize is *de novo*. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed. 2d 80 (1989); accord, Boyd v. Trustees of United Mine Workers Health & Retirement Funds, 873 F.2d 57, 59 (4th Cir. 1989)(discretion found where plan expressly gave trustees power of 'full and final determination as to all issues concerning eligibility for benefits' and 'authorized [them] to promulgate rules and regulations to implement th[e] Plan'), Feder v. Paul Revere Life Ins. Co. 228 F.3d 518, 521 (4th Cir, 2000) ("We will find discretionary authority in the administrator if the plan's language expressly creates discretionary authority."), Doe v. Group Hosp. & Med. Serv., 3 F.3d 80, 85 (4th Cir. 1993) (applying abuse of discretion standard of review when the plan at issue gave "full power and discretionary authority to control and manage the operation and administration of the Contract ... [and] all powers necessary [in] ... determining all questions relating to Employee ... eligibility and benefits"), Ellis v. Metropolitan Life Ins. Co., 126 F.3d 228, 230 (4th Cir. 1997) (finding discretionary authority when the plan vests a fiduciary with "discretionary authority to interpret the terms of the plan and to determine eligibility for and entitlement to plan benefits in accordance with the terms of the plan").  By contrast, if the plan does not grant deference to the plan administrator, or if the administrator's decision falls outside the scope of the discretion conferred by the plan, review is *de novo*. See Haley v. Paul Revere Life Ins. Co., 77 F.3d 84, 89 (4th Cir. 1996). The subject plan

fails to state even a remote grant of deference on the administrator, and merely requires "proof" of disability.

The Plaintiff anticipates that the Defendant will point to the plan language in its "Commencement of Benefits" section stating, "The Insurance Company will begin paying. . . when it receives due proof that . . ", to support an argument that the plan in fact accords discretion to determine benefits to the plan administrator. However, the Fourth Circuit has spoken clearly on this issue to the contrary. The <u>Feder</u> Court addressed similar language to the language in the subject policy document noted *supra*, and concluded that, although it does not dictate any exact wording to denote discretionary authority, and rather examines the terms of the plan to determine if it vests in its administrators discretion either to settle disputed eligibility questions or construe doubtful provisions, discretionary authority was not found pursuant to the following plan language:

> written notice of a claim for disability must be given to us [Paul Revere]. . .written proof should establish facts about the claim such as occurrence, nature and extent of the disability, injury or sickness or the loss involved. . .right to require additional written proof to verify the continuance of any disability. . .right to request this additional proof as often as we feel is necessary, within reason.

<u>Feder,</u> 228 F.3d at 523.

Even if the Court does construe some language in the plan to accord discretion on the administrator, Defendant Life Insurance Company of North America ("LINA') operates under a conflict of interest as administrator and insurer of benefits, and thus deference accorded LINA will be reduced proportionate to the existing conflict. When the plan administrator both administers and pays for the benefits received by the participants, the courts in the Fourth Circuit deem the same as a potential conflict of

4

interest ripening into an actual conflict of interest and weighs such conflict as a factor in determining whether there has been an abuse of discretion. Watson v. UnumProvident Corp., 158 F. Supp. 2d 579, 584 (D. Md. 2002), Grooman v. Northwestern Mutual Life Ins. Co., 200 F. Supp. 2d 523, 528 (D. Md. 2002) ("because of the inherent conflict of interest that exists when an insurance company acts both as the plan administrator and the payer of claims, its determinations of benefits are subject to a review under a modified abuse of discretion standard.")

### III.     Admissible Evidence Based on the Standard of Review

There are three basic theories that are implemented by the Courts with respect to admissible evidence in the context of a *de novo* review ERISA matter. One approach, followed by the Third and Eleventh Circuits is to introduce any new evidence[1], where the extreme approach followed by the Sixth Circuit with the Eight Circuit leaning towards such approach, is to only look at the evidence considered by the plan administrator without according any deference to the administrative decision[2]. The Fourth Circuit, along with the Ninth and with the Seventh leaning towards such approach, follows a middle or hybrid approach, whereby evidence outside of the administrative record is considered on a limited basis, and is generally admissible when circumstances establish that additional evidence is necessary to conduct an adequate *de novo* review[3].

---

[1] *See e.g.* Kirwan v. Marriott Corp., 10 F.3d 784 (11th Cir. 1994)("a district court conducting a *de novo* review of an Administrator's benefits determination is not limited to the facts available to the Administrator at the time of the determination."; Luby v. Teamsters Health, Welfare and Pension Trust Funds, 944 F.2d 1176 (3d Cir. 1991).

[2] *See* Perry v. Simplicity Eng'g, 900 F.2d 963, 967 (6th Cir. 1990), Brown v. Seitz Foods, 140 F.3d 1198 (8th Cir. 1998); Ravenscraft v. Hy-Vee Employee Benefit Plan & Trust, 85 F.3d 398 (8th Cir. 1996).

[3] *See* Kearney v. Standard Ins. Co., 175 F.3d 1084 (9th Cir. 1999); Mongeluzo v. Baxter Travenol Disability Benefit Plan, 46 F.3d 938 (9th Cir. 1995); Quisenberry v. Life Ins. Co., 987 F.2d 1017 (4th Cir. 1994).

> In our view, the most desirable approach to the proper scope of de novo review under ERISA is one which balances these multiple purposes of ERISA. Consequently, *we adopt a scope of review that permits the district court in its discretion to allow evidence that was not before the plan administrator*.

Quesinberry v. LINA et. al., 987 F.2d 1017, 1025 (4th Cir. 1993) (emphasis supplied). *See also* Lloyd v. Evangeline Health Care Inc., 1999 U.S. Dist. LEXIS 6667 (W.D. N.C March 31, 1999).

If this Court finds the "due proof" language adequate to trigger discretionary authority with respect to the plan administrator, and due to the dual role of the Defendant as claims administrator and insurer applies a "modified" or "heightened" arbitrary and capricious standard of review, the Court may or may not determine that evidence beyond the administrative record and plan documents is admissible. With regard to conflict of interest, the Fourth Circuit has followed the "sliding scale" approach that requires the claimant to first prove there was an actual conflict that tainted the administrator's decision. Accordingly, the trend among courts implementing a sliding scale standard is to bar evidence relating to the merits of the claim if it was not before the administrator, but to allow extrinsic evidence on the issue of the degree of the conflict of interest. *See* Elliot v. Sara Lee Corp., 190 F.3d 601 (4th Cir. 1999); Wildbur v. Arco Chem. Co., 974 F.2d 631 (5th Cir. 1992).

Due to the clear absence of any language in the subject plan even tangentially resembling any language this Circuit has ever deemed to confer discretionary authority to the plan administrator and thus trigger the arbitrary and capricious standard of review, the Plaintiff will not address the Fourth Circuit' "sliding scale" approach/modified or heightened arbitrary and capricious standard of review with respect to admissible evidence in any detail.

## IV.     Conclusion

Due the clear applicable standard of review in this case, *de novo,* and the precedent in this Circuit with regard to how such standard of review relates to the scope of admissible evidence, the scope of admissible evidence in this case should be allowed, at this Court's discretion, to reach beyond the plan documents and administrative record.

More importantly, as the standard of allowable discovery is broader than that of admissible evidence, and speaks to information "reasonably calculated to lead to the discovery of admissible evidence," this case unequivocally warrants discovery beyond the administrative record.

*Respectfully submitted,*

BY:_____/s/_____
CARRIE J. FEIT
Bar Number 15645
THE WAGAR LAW FIRM
3250 Mary Street, Suite 302
Coconut Grove, Fl 33133
305-443-7772
305-443-1969 – fax