**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(SOUTHERN DIVISION)**

BETH O. SCOTT *

Plaintiff *

v. * Civil Action No.: WMN 03 CV 524

LIFE INSURANCE COMPANY *
OF NORTH AMERICA
*
Defendant
*

* * * * * *

**DEFENDANT, LIFE INSURANCE COMPANY OF NORTH AMERICA'S RESPONSE TO PLAINTIFF'S BRIEF ON SCOPE OF DISCOVERY**

Defendant, Life Insurance Company of North America ("LINA"), by and through its attorneys, Monte Fried, Joy K. Sakellaris, and Wright Constable & Skeen, LLP, hereby responds to Plaintiff's Brief on Scope of Discovery ("Reply Brief") and says:

**I. INTRODUCTION**

Defendant, Life Insurance Company of North America ("LINA"), by and through its attorneys, Monte Fried, Joy K. Sakellaris, and Wright Constable & Skeen, LLP, hereby responds to Plaintiff's Brief on Scope of Discovery ("Reply Brief") and says:

**I. INTRODUCTION**

Plaintiff has filed a brief outlining why she believes discovery should be allowed in this matter. However, discovery is clearly not appropriate. First and foremost, the "abuse of discretion" standard of review clearly applies in the instant

case, and that standard bars the consideration of evidence other than the administrative record. Therefore, discovery is entirely unnecessary and inappropriate because any evidence gathered through discovery would neither be relevant, admissible, nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, even if a *de novo* standard of review were applicable – as Plaintiff argues - discovery would still not be appropriate because "exceptional circumstances" are not present to justify the Court's exercising of its limited discretion to admit additional evidence under that standard of review. In addition, discovery would cause the parties unnecessary delay and expense, and would be contrary to ERISA policy which looks unfavorably on the substitution of a court's authority for that of the plan's benefit administrator and favors judicial economy. Based on the foregoing reasons, as more fully set forth in this Reply Brief, this Court should and must deny Plaintiff's request for discovery in the instant matter.

## II. ARGUMENT

### A. Discovery is Not Appropriate In This Case Because A Deferential "Abuse of Discretion" Standard of Review Applies

In her Brief, Plaintiff – without ever asserting why there is a need for discovery – erroneously argues that discovery would be appropriate in this case because a *de novo* standard of review applies that will allow the parties to submit additional evidence - outside of the administrative record - during this Court's review in the instant claim. To the contrary, it is an "abuse of discretion" standard of review which clearly applies in this case, and that standard limits the Court's review solely to the administrative record that was before the plan administrator –

rendering inadmissible any evidence outside of such record. Therefore, any additional evidence sought through the discovery process which Plaintiff requests is not required by Federal Rule of Civil Procedure 26(b)(1) because it would not be "relevant to the claim or defense of any party" and would not be "reasonably calculated to lead to the discovery of admissible evidence." Discovery would be entirely inappropriate in this case.

When a plan itself gives its administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan, the Fourth Circuit applies an "abuse of discretion" standard in reviewing a plan administrator's decision. Booth v. Wal Mart Stores, Inc., 201 F.3d 335, 341 (4th Cir.2000). In such a case, a court will not upset a plan administrator's decision absent an abuse of discretion. Id. The Fourth Circuit applies a modified "abuse of discretion" standard when the plan administrator is operating under a conflict of interest. It holds that a potential conflict of interest exists where, as here, the fiduciary serves as both the benefits administrator and insurer. Elliott v. Sara Lee Co., 190 F.3d 601, 605 (4th Cir. 1999). This modified abuse of discretion standard deviates from the usual abuse of discretion standard to lessen the deference usually given to a plan administrator's decision only to the extent necessary to counteract any influence unduly resulting from the conflict. See Ellis v. Metro. Life Ins. Co., 126 F.3d 228, 233 (4th Cir.1997); Mason v. M.F. Smith & Assocs. Employee Benefit Plan, 158 F.Supp.2d 673, 683 (D.S.C.2001). Thus, "the relevance of the conflict is judged on a case-by-case basis and the deference given to an administrator's decision is modified according to a 'sliding scale' of additional scrutiny." Gallagher v.

Reliance Standard Life Insurance Co., 171 F. Supp.2d 594, 601-602 (W.D.N.C.2001).

A traditional or modified "abuse of discretion" standard clearly applies in the case at hand because the unambiguous policy language at issue expressly grants LINA, the plan administrator, discretion to determine eligibility for benefits and to interpret the terms of the plan. The policy at issue provides that, LINA "will begin paying Monthly Benefits in amounts determined from the Schedule when it receives **due proof** that: (1) the Employee became Disabled while insured for this Long Term Disability Insurance; and …." [1] See Exhibit A, p. 19. In Thompson v. Life Insurance Company of North America, et al., 30 Fed. Appx. 160 (4th Cir. 2001), the Fourth Circuit Court of Appeals – in an unreported decision - held that, in a policy that provided that benefits were to begin when the fiduciary receives **"due proof"** of eligibility, such language was sufficient to grant LINA sufficient discretion to bring into play the deferential abuse of discretion standard.[2]

Likewise, other Circuits have held that "due proof" language is sufficient to confer discretionary authority as well. See Patterson v. Caterpillar, Inc., 70 F.3d 503 (7th Cir.1995), wherein the court held that the language, "benefits will be payable only upon receipt by the Insurance Company of…such due proof, "afforded the plan administrator discretion." Thus, an arbitrary and capricious standard applied. See also Caldwell v. Life Insurance Company of North

[1] Since the administrative record in this case ultimately will be reviewed by this Court regardless of which standard of review is applied, and since it also may bears upon the pending question of whether discovery is appropriate, Defendant has attached the administrative record as Exhibit A.

[2] Defendant has relied upon the Thompson case, an unreported decision, because such decision involved Defendant, LINA, and the Fourth Circuit held in that decision that policy language virtually identical to the policy language in the case at hand granted discretion to LINA. Thus, the Thompson decision is the most relevant decision available to the Court on this issue in the case at hand.

America, 287 F.3d 1276 (10th Cir. 2002) (appearing to grant some discretion with policy language identical to that in this case).

Plaintiff cites Feder v. The Paul Revere Life Insurance Company, 228 F.3d 518 (4th Cir.2000) in her Brief and states that the policy language at issue in that case (which the court held did not grant discretion) contained similar language to the policy at issue in this case. Therefore, Plaintiff argues that this Court should similarly hold that the policy at issue does not grant discretion. However, Plaintiff's analogy is erroneous. The Feder policy contained only "written proof" language, whereas the policy in this case contains not simply the "written proof" language for filing the proof of loss, but also discretionary "due proof" language with respect to eligibility for benefits under the policy. The Fourth Circuit in Feder specifically cited the Patterson case and distinguished the policy language in Feder ("written proof") from that in Patterson ("due proof"). The Court stated that, "With respect to those cases, it is sufficient to say that they are not necessarily, or even probably, contrary to our holding here, for the Capital Plan at issue in this case contains *no such discretionary language*." See Id. at 524. Thus, Feder is irrelevant to the applicable standard of review here.

Since an "abuse of discretion" standard applies in the instant case, the law relating to that standard controls whether the district court may consider evidence outside of the administrative record; that case law dictates that it may not. It is well settled in the Fourth Circuit – and admitted by Plaintiff - that when a district court reviews a plan administrator's decision under a deferential "abuse of discretion" standard, the district court is limited to the evidence that was before the

plan administrator at the time of its decision. Bernstein v. Capitalcare, Inc., 70 F.3d 783, 788 (4th Cir.1995) (citing Sheppard & Enoch Pratt Hospital v. Travelers Ins. Co., 32 F.3d 120 (4th Cir.1994)). This policy against bringing additional evidence before the district court prevents the transfer of administration of benefit plans from the designated fiduciaries to the federal courts (substitution of authority) that ERISA is designed to prevent, and encourages the ERISA policy of informal and non-adversarial proceedings. Quesinberry v. Life Insurance Company of North America, 987 F.2d 1017, 1022 (4th Cir.1993).

While admitting that additional evidence relating to the merits of a claim is never allowed under a traditional or modified "abuse of discretion" standard, and without actually briefing the issue – Plaintiff asserts without discussion that under the modified "abuse of discretion" standard courts will automatically allow additional extrinsic evidence relating to any potential conflict of interest. This is simply not so. Plaintiff cites the Fourth Circuit case of Elliott v. Sara Lee Co., 190 F.3d 601 (4th Cir.1999) in support of her assertion. However, while stating that the potential for a conflict of interest in the administrative process is relevant to the court's use of the "sliding scale" approach in determining how reasonable the benefit administrator must be under the arbitrary and capricious standard of review, Elliott does not address or authorize the admission of additional evidence or discovery relating to conflict of interest issues.[3] Thus, this argument does not support Plaintiff's contention that discovery is appropriate in the instant case.

---

[3] Plaintiff also cites the case of Wildbur v. Arco Chemical Co., 974 F.2d 631 (5th Cir.1992), in support of her theory that district courts allow extrinsic evidence of a conflict of interest in "abuse of discretion" cases. However, the law in the Fifth Circuit is in direct conflict with

**II. Even If This Court Were to Apply A De Novo Standard of Review, Discovery Is Not Appropriate In This Case**

Although a court applying a *de novo* standard of review has some discretion to admit additional evidence that was not before the plan administrator, courts in this circuit and elsewhere only allow such evidence in "exceptional circumstances." In Quesinberry v. Life Insurance Company of North America, 987 F.2d 1017, 1025 (4th Cir.1993), the Fourth Circuit states that:

> In our view, the most desirable approach to the proper scope of de novo review under ERISA is one which balances these multiple purposes of ERISA. Consequently, we adopt a scope of review that permits the district court in its discretion to allow evidence that was not before the plan administrator. **The district court should exercise its discretion, however, only when circumstances clearly establish that additional evidence is necessary to conduct an adequate de novo review of the benefit decision. In most cases, where additional evidence is not necessary for adequate review of the benefits decision, the district court should only look at the evidence that was before the plan administrator or trustee at the time of the determination…..**
>
> "Exceptional circumstances that **may** warrant an exercise of the court's discretion to allow additional evidence include the following: claims that require consideration of complex questions or issues regarding the credibility of medical experts; the availability of very limited review procedures with little or no evidentiary record; the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical facts; instances where the payor and the administrator are the same entity **and** the court is concerned about impartiality; claims which would have been insurance contract claims prior to ERISA; and circumstances in which there is additional evidence that the claimant could not have presented in the administrative process." Id. at 1026-27 (Emphasis added).

Even if one or more of these factors is present, a district court is **not** required to admit additional evidence, and it has the discretion to conclude that it can decide the case on the existing administrative record without putting the parties to any

---

that of the Fourth Circuit which clearly holds that extrinsic evidence is not considered or admissible when applying the abuse of discretion standard.

additional delay or expense. See id. at 1027. In addition, if evidence offered for submission is cumulative of what has already been submitted or is merely better evidence than the claimant originally submitted for review, the court does not have to admit it. Courts must look at why such evidence was not submitted to the plan administrator. See id.

Although LINA acted as benefits administrator and insurer in this case, which constitutes a potential conflict of interest, this fact alone does not automatically constitute an "exceptional circumstance" allowing the submission of extrinsic evidence on the conflict of interest issue and certainly does not automatically authorize discovery relating to the same. In Hall v. UNUM Life Insurance Company of North America, 300 F.3d 1197, 1205 (10th Cir.2002)., a recent case discussing the seminal case of Quesinberry, the Tenth Circuit stated that "...evidence [relating to a conflict of interest] should only be admitted to the extent that the party seeking its admission can show that it is relevant to the conflict of interest and that the conflict of interest in fact requires the admission of the evidence."

There is no evidence, factual argument or suggestion before this court that LINA's potential conflict of interest has or may have affected the impartiality of the decision making process in this matter. To the contrary, the administrative file (Exhibit A) documents and reveals that LINA has discharged its duties impartially, as evidenced by the fact that it previously awarded and provided many years of benefits to Plaintiff upon receiving due proof of disability. This court has no reason to be concerned about LINA's impartiality, and Plaintiff has offered no

reason to believe that there is evidence to be gathered through discovery which would be relevant to the potential conflict of interest and would necessitate admission of additional evidence relating to same. Thus, discovery even on this limited issue is not appropriate and should not be permitted. Moreover, this Court has the discretion to conclude that the voluminous administrative file is more than sufficient for it to make its decision in this case and that any information relating to interpretation of policy provisions or proper implementation of the decisional process is sufficiently presented in such file, thereby sparing the parties the additional delay and expense associated with discovery.

Stated again, Plaintiff has not and cannot allege that any "exceptional circumstances" exists that mandate discovery, or that additional evidence or discovery is necessary in order for the Court to conduct an adequate review in this case. This is not surprising since during the administrative process, neither Plaintiff nor her counsel requested to review and evaluate the administrative file that will be the basis of the Court's review and decision in this matter. Thus, it is impossible for Plaintiff legitimately to suggest or allege that LINA's potential conflict of interest tainted its decision making process so as to justify the appropriateness or need for any discovery in this matter.

In any event, it is apparent that discovery and additional evidence is not necessary in order for the Court to conduct an adequate review in this case because the administrative record is more than complete and provides the Court with a full overview of the case handling in this matter, as well as all applicable policy provisions relied upon by LINA and its interpretations of same. The

administrative file is far from sparse and totals 958 pages, detailing ten years of claims handling in this matter under which Plaintiff took advantage of LINA's substantial review procedures and was given the opportunity to submit all evidence in support of her claim. Plaintiff received nine years of disability benefits and was given and took full advantage of four appeals relating to the discontinuance of her disability benefits - two of which were initiated by LINA. Thus, Plaintiff cannot claim that she was not afforded a proper review process or the opportunity to submit any evidence during the administrative process.

In short, Plaintiff is essentially requesting that this Court authorize a costly and lengthy "fishing expedition" for yet to be identified categories of evidence that will not yield admissible evidence even under the *de novo* standard. Such a "fishing expedition" will only cause delay in this case and subject the parties to additional and unnecessary expense in this matter in clear contravention of ERISA's policy favoring judicial economy and discouraging substitution of the court's authority for that of the plan's benefit administrator's authority.

## III. CONCLUSION

For all of the above reasons, discovery is not appropriate in the instant case and this Court should and must deny Plaintiff's request for the same.

Respectfully submitted,

____________________________
Monte Fried

______________________________

Joy K. Sakellaris
Wright, Constable & Skeen, LLP
100 N. Charles Street, 16th Floor
Baltimore, Maryland 21201
(410) 659-1300
(410) 659-1350 (fax)

Attorneys for Defendant, Life Insurance Company of North America

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(SOUTHERN DIVISION)**

BETH O. SCOTT *

Plaintiff *

v. * Civil Action No.: WMN 03 CV 524

LIFE INSURANCE COMPANY *
OF NORTH AMERICA *

Defendant *

* * * * * *

**NOTICE OF FILING OF LENGTHY EXHIBIT**

Exhibit A, which is an attachment to Defendant, Life Insurance Company of North America's Response to Plaintiff's Brief on Scope of Discovery exists only in paper format and, if scanned, will be larger than 1.5 MB. It will be filed with the Clerk's Office in paper format.

I certify that within 24 hours of the filing of this Notice, I will file and serve paper copies of the document identified above.

________________
Date

____________________________
Monte Fried
U.S.D.C. Bar No.: 00363
Wright, Constable & Skeen, LLP
One Charles Center
100 N. Charles Street, 16th Fl.
Baltimore, MD 21202
(410) 659-1312
(410) 659-1350 (FAX)

Attorneys for Defendant,
Life Insurance Company of
North America