UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
WILLIAM M. NICKERSON
SENIOR UNITED STATES DISTRICT JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
FAX 962-2577

August 6, 2003

Howard J. Bernstein
Greenberg and Bederman, LLP
1111 Bonifant Street
Silver Spring, Maryland 20910

Carrie J. Feit
The Wagar Law Firm
3250 Mary Street, Suit 302
Coconut Grove, Florida 33133

Joy Karen Sakellaris
Wright, Constable, and Skeen, LLP
100 North Charles Street, 16th Floor
Baltimore, Maryland 21201

Monte Fried
Wright, Constable, and Skeen, LLP
100 North Charles Street, 16th Floor
Baltimore, Maryland 21201

Re: Beth O. Scott v. Life Insurance Company of North America
Case No. WMN-03-CV-524

Dear Counsel:

The parties recently filed pleadings relating to whether discovery is appropriate in this case. Upon review of those pleadings and applicable case law, the Court determines that the proper standard of review of Defendant's termination of Plaintiff's benefits is de novo and that the Court should limit its review to the evidentiary record that was presented to the plan administrator or fiduciary.

In reviewing Defendant's termination of disability benefits under ERISA, this Court must decide whether the policy's language clearly grants Defendant discretion to determine Plaintiff's eligibility for benefits, and if so, whether Defendant acted within the scope of that discretion. Feder v. Paul Revere Life Ins. Co., 228 F.3d 518, 522 (4th Cir. 2000). If the plan does not clearly grant discretion, then the standard of review of Defendant's decision is de novo. Gallagher v. Reliance Standard Life Ins. Co., 305 F.3d 264, 269 (4th Cir. 2002); Feder, 228 F.3d at 524.

With these principles in mind, the Court turns to examine the following policy language: "The Insurance Company will begin paying Monthly Benefits in amounts determined from the Schedule when it receives due proof that : (1) the Employee became Disabled while insured for this Long Term Disability insurance; and (2) his Disability has continued for a period longer than the Benefit Waiting Period shown in the Schedule." Def.'s Exh. A, Policy, at 19 (emphasis added). The Fourth Circuit recently published an opinion in which it examined a policy that required that the insured "submit satisfactory proof of Total Disability to us." Gallagher, 305 F.3d at 269. The court held that such

language did not satisfy the requirement that an ERISA policy confer discretion in terms that "indicate a clear intention to delegate final authority to determine eligibility to the plan administrator." Id. The Gallagher court based its determination that the clause at issue did not confer discretion on two grounds: first, that the words "satisfactory proof" alone did not unambiguously call for the subjective discretion of the insurer and second, that the fact that the policy required submission of satisfactory proof "to us" could indicate to whom proof was to be submitted and not whether the proof was measured by an objective or subjective standard. Mitnick v. Sun Life Assurance Co. of Canada, 2003 WL 21649668, at *3 (D. Md. 2003). In the instant case, although different words are used in the Policy language, the Court concludes that the Gallagher reasoning is applicable and that de novo review is the proper standard.

A court applying a de novo standard of review has some discretion to admit additional evidence that was not before the plan administrator. Quesinberry v. Life Ins. Co. of North America, 987 F.2d 1017, 1025 (4th Cir. 1993) (en banc). Absent a finding of exceptional circumstances by the district court, however, a court conducting de novo review of ERISA benefits determinations should limit its review to the evidentiary record that was presented to the plan administrator or fiduciary. Gallagher, 305 F.3d at 276 n.12 (citing Quesinberry, 987 F.2d at 1026-27). Here, Plaintiff has made no contention that such an exceptional circumstance exists, and the Court concludes that no such circumstance exists. Accordingly, the Court will consider only the evidence in the administrative record.

Although this letter is informal in nature, it is an order of the Court and shall be docketed as such.

Very truly yours,

_____/s/_____
William M. Nickerson
Senior United States District Judge

WMN:ch

cc: Court file